Swaranjit RIKHY, Plaintiff–Appellant,

v.

AMC COMPUTER CORP., also known as American Mini Computers, Surinder S. Chabra as Individual and Also as Officer/CEO & President of AMC Computer Corp., also known as Sonny Chabra, Steve Israel as Individual and Also as Officer Exec. VP of AMC Computer Corp., Michael Israel as Individual and Also as Officer VP of AMC Computer Corp., Defendants–Appellees,

John DOE, # 1–10; Jane DOE, # 1–10, Defendants.

No. 03–7375.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Swaranjit S. Rikhy, Queens Village, NY, for Plaintiff–Appellant, pro se.

Jason Habinsky, Hughes Hubbard & Reed LLP, New York, N.Y. (Ned H. Bas-

sen, on the brief), for Defendants–Appellees.

Present: LEVAL, CALABRESI, Circuit Judges and RAKOFF, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

In July 2001, Swaranjit S. Rikhy filed a complaint against AMC Computer Corp., his former employer, and various of its employees, in the United States District Court for the Southern District of New York. He alleged discrimination based on his race, national origin, ethnicity, religion and/or age, as well as retaliation, and claimed violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* Among other things, Rikhy asserted (1) that he had been treated less favorably—in terms of salary and working conditions—than similarly situated employees who were not members of a protected class, and (2) that he was ultimately fired for discriminatory reasons and out of retaliation for his complaints of discrimination. The district court (Pauley, *J.*) granted AMC's motion for summary judgment, finding no genuine disputes of material fact with regard to Rikhy's job performance and to the legitimate nondiscriminatory reasons for his termination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (setting forth a three-part test for discrimination claims).

We review the district court's grant of summary judgment *de novo. Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.,* 302 F.3d 83, 90 (2d Cir.2002). Summary judgment is appropriate if the evidence is such that a reasonable factfinder would be "compelled to accept the view of the moving party." *This is Me, Inc. v. Taylor,* 157 F.3d 139, 142 (2d Cir.1998) (internal quotation marks omitted). That is the situation before us: Looking at the record, including the plaintiff's assertions and the defendants' explanations, we conclude that no jury could reasonably find that Rikhy's working conditions or his dismissal were based on discrimination or any attendant retaliation. *See Fisher v. Vassar College,* 114 F.3d 1332, 1336 (2d Cir.1997) (en banc) (stating that, after the defendant proffers a legitimate, non-discriminatory reason for the action, "[t]he question becomes the same question asked in any other civil case: Has the plaintiff shown, by a preponderance of the evidence, that the defendant is liable for the alleged conduct?").

We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

* The Honorable Jed S. Rakoff, Southern District of New York, sitting by designation.